UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

MICHAEL WILLIAMS,

                    Plaintiff,

         v.

ROBERT HALF, INC.,

                  Defendant.

--------------------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-3494 (RPK) (LKE)

RACHEL P. KOVNER, United States District Judge:

*Pro se* plaintiff Michael Williams brings this employment discrimination and breach-of-contract action against Robert Half, Inc., a staffing and recruitment firm.  Williams alleges that he has suffered discrimination, loss of pay, and improper terminations while on staffing assignments arranged by Half.  *See* Notice of Removal 17–18 (Dkt. #1).  Half moves to dismiss on the basis that Williams' claims are barred by *res judicata*, inadequately pleaded, and barred by the statute of limitations.  Despite a *sua sponte* extension, Williams has not responded to the motion to dismiss.  As explained below, Williams' claims are barred by *res judicata* and the motion to dismiss is granted.

\*      \*      \*

"Under the doctrine of *res judicata*, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014)

1

(citation omitted).  To establish *res judicata*, a party must show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Ibid.* (citation omitted).

All three elements are met here.  Williams previously raised all but one of the claims asserted here in a case filed in the Southern District of New York.  *See* Mot. to Dismiss (Exs. 1–4) (Dkt. #5-6).  The court dismissed Williams' claims with prejudice to refiling.  *See id.* (Ex. 4).  The only claim here that was not raised in the Southern District action is the breach-of-contract claim.  But that claim could have been raised in the initial action "because it is based on the same series of facts and events" as the initial claims.  *Umar Oriental Rugs, Inc. v. Carlson & Carlson, Inc.*, 757 F. Supp. 2d 218, 225 (E.D.N.Y. 2010); *see TechnoMarine*, 758 F.3d at 499 ("To determine whether two actions arise from the same transaction or claim, we consider whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." (quotation marks and citation omitted)).  As a result, all of Williams' claims are precluded by *res judicata*.

\*      \*      \*

For the foregoing reasons, the motion to dismiss is granted, and plaintiff's complaint is dismissed.  The Clerk of Court is respectfully directed to close this case, enter judgment, and mail a copy of this order to plaintiff.  Although plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this order would not be taken in good faith and

2

therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

       SO ORDERED.

                     */s/  Rachel Kovner*
                     RACHEL P. KOVNER
                     United States District Judge

Dated: March 30, 2026
        Brooklyn, New York